543 A.2d 1273

Diane U. Kallmann and M. Letitia Harris, Appellants *v.* Carlisle Zoning Hearing Board, Arkansas Best Freight Systems, Inc., and Farmers Trust Company, Appellees.

Argued April 19, 1988, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Thomas M. Place*, with him, *John A. Alzamora, Thomas & Thomas*, for appellants.

*William F. Martson, Martson, Deardorff, Williams & Otto*, for appellee, Arkansas Best Freight Systems, Inc.

OPINION BY JUDGE CRAIG, July 8, 1988:

Diane Kallmann and M. Letitia Harris, objectors in a zoning matter, appeal an order of the Court of Common Pleas of Cumberland County which dismissed their complaint against the Carlisle Zoning Hearing Board, Arkansas Best Freight Systems, Inc. (ABF), and Farmers Trust Company for lack of jurisdiction. We affirm the trial court's decision.

The objectors' complaint alleges that, on September 26, 1986, Farmers Trust Company, as an estate trustee, filed for a variance with the board, requesting an increased allowance of the percentage of land which could be paved on a tract located in an industrial district. The board held a public meeting on the variance request on October 29, 1986. The objectors allege in their complaint that the notice provided for the hearing was legally deficient under the provisions of the Pennsylvania Municipalities Planning Code (MPC).[1]

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

The board granted the variance request in a written decision issued October 29, 1986. Farmers Trust later transferred the property to ABF, which then filed a preliminary development plan for a truck terminal with the Carlisle Planning Commission. No party or interested person appealed the board's October 29 decision.

On March 4, 1987, objector Kallmann, along with other individuals who are not parties to this action, *petitioned the board to vacate the paving variance* granted on October 29, 1986, claiming that the variance was a nullity because the board had failed to comply with the notice provisions of the MPC. On March 19, 1987, the board adopted an opinion prepared by its solicitor and denied the petition to vacate.

On April 1, 1987, objector Kallmann, now joined by Harris, filed a complaint with the court of common pleas, asking that the court assume jurisdiction over the matter and that . . .

2. the Court enter a declaratory judgment that:

(a) plaintiffs have standing to challenge the notice that preceded the Zoning Hearing Board meeting on October 29, 1986,

(b) the Zoning Hearing Board did not give proper public notice before granting defendant Farmers Trust Company its requested variance on October 29, 1986, and

(c) because notice was improper, the variance granted defendant Farmers Trust Company is a nullity.

Judge EDGAR B. BAYLEY held that the objectors' action for declaratory judgment was a disguised appeal from the board's October 29, 1986 decision, and that the statutory time period for filing an appeal had expired more than four months before they filed their complaint on April 1, 1987. Because the timeliness of an appeal is jurisdictional in nature, Judge BAYLEY dismissed the complaint.

On appeal to this court, the objectors again claim that they are entitled to declaratory judgment that the variance grant is void, because the board did not comply with the public notice requirements in section 107(18) of the MPC, 53 P.S. §10107(18):

> (18) 'Public notice,' notice published once each week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall be not more than thirty days or less than fourteen days from the date of the hearing. (As amended 1972, P.L. 333, No. 93).

The objectors allege that the board's notice, consisting of publication of a single notice in the local newspaper and posting notice on the property itself, did not meet the requirements for public notice in section 107(18). The objectors ask this court to declare that the board's grant of the variance was a nullity, because of this procedural defect, under the Declaratory Judgments Act, 53 Pa. C. S.§§7531 to 7551.

The objectors base their claim for jurisdiction on section 7533 of the Act:

> §7533. Construction of documents
>
> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

The board argues that section 7541(c) of the Act precludes declaratory judgment on the objectors' complaint:

(c) Exceptions.—Relief shall not be available under this subchapter with respect to any:

(1) Action wherein a divorce or annulment of marriage is sought.

(2) *Proceeding within the exclusive jurisdiction of a tribunal other than a court.*

(3) *Proceeding involving an appeal from an order of a tribunal.* (Emphasis added.)

After analyzing these provisions, the trial judge held that the board was a tribunal, as defined in the Judicial Code, and that the MPC provides for appeals from zoning board decisions in MPC §1001, 53 P.S. §11001:

Section 1001. Zoning Appeals.—The proceedings set forth in this article shall constitute the *exclusive mode for securing review* of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act. (Emphasis added.)

The trial court concluded that, because MPC section 1001 provides for the exclusive means of reviewing a zoning board decision, declaratory judgment was not available to the objector under section 7541(c) of the Act.

The trial court properly determined that the board was a tribunal under Section 102 of the Judicial Code.[2] "Tribunal" is defined at 42 Pa. C. S. §102 as "a court,

_____

[2] *Cf. Barner v. South Middleton Township,* 113 Pa. Commonwealth Ct. 444, 450, 537 A.2d 922, 925 (1988) and *Harris v. Oral Service, Inc.,* 78 Pa. Commonwealth Ct. 510, 513 n.5, 467 A.2d 1376, 1377 n.5, which soundly point out the broader scope of this section 102 definition, contrasting it with the narrower meaning of "tribunal" under 42 Pa. C. S. §5103(d), not involved here.

district justice or other judicial officer vested with the power to enter an order in the matter. The term includes a *government unit,* other than the general assembly and its officers and agencies, when performing quasi-judicial functions." (Emphasis added.) *This section* also defines "government unit" as "[t]he General Assembly and its officers and agencies, any *government agency* or any court or other officer or agency of the unified judicial system," (emphasis added), and "goverment agency" as "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or *agency of any such political subdivision."* *Id.* (Emphasis added.) A "political subdivision" is defined as "[a]ny county, city, *borough,* incorporated town, township, school district, vocational school district and county institution district" in the Statutory Construction Act of 1972, 1 Pa. C. S. §1991. (Emphasis added.) The zoning hearing board, as an agency of a political subdivision, therefore qualifies as a tribunal.

We agree with the trial judge's analysis of the objectors' complaint:

> A leopard cannot change its spots. This action is a disguised appeal from the October 29, 1986 order of the Zoning Hearing Board. The plaintiffs cannot establish jurisdiction by suggesting that the issue is a challenge to the procedures of the governmental body, when in fact the relief they seek is to overturn the order which was entered following a hearing conducted pursuant to those procedures. The time period for filing an appeal from the 'challenged' order of the Zoning Hearing Board expired over four months prior to the filing of this action on April 1, 1987.

The trial judge aptly identified the critical defect in the objectors' case—timeliness. The objectors presented

their petition to vacate to the board more than four months after the board's October 29 decision. Untimely challenges to a board decision are permitted under MPC section 915, 53 P.S. §10915:

> Section 915. Time Limitations; Persons Aggrieved.—No person shall be allowed to file any proceeding with the board later than thirty days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.

The objectors' petition to the board did not allege or prove a lack of notice of the variance request or of the board's actions, nor did it identify the petitioners either as parties affected by the variance (MPC section 908(3), 53 P.S. §10908(3)), or as parties aggrieved (MPC section 1007, 53 P.S. §11007). All that the petition alleged was that the board had not complied with the "public notice" requirements of MPC section 107(18). Under the circumstances, the board properly denied the petition as an untimely proceeding under MPC section 915.

The objectors deny that their action for a declaratory judgment is a disguised appeal, insisting that their claim focuses solely on the board's notice procedures and not the merits of the board's decision. The objectors argue that, under this court's holding in *Allegheny Ludlum Steel Corp. v. Pennsylvania Public Utility Commission*, 67 Pa. Commonwealth Ct. 400, 447 A.2d 675 (1982), *aff'd* 501 Pa. 71, 459 A.2d 1218 (1983), claims which raise an issue of procedure may properly be the subject of declaratory judgment.

The objectors' case is easily distinguished from that presented in *Allegheny Ludlum*. There, a petitioner sought declaratory judgment that a PUC enabling statute was unconstitutional because it failed to afford procedural due process. This court held that:

> Declaratory judgment is the proper procedure to determine whether a statute violates the constitutional rights of those whom the statute affects . . . '[W]hile statutory remedies are not rendered inappropriate merely because a constitutional issue is raised, an administrative agency cannot determine the constitutionality of its own enabling legislation.' (Citations omitted.)

In contrast, the objectors' case presents no claim regarding the constitutionality of the board's notice procedure, nor did their petition to vacate place the board in a position of determining the constitutionality of its own enabling legislation. The objectors' action simply does not present the complexity of issues which made declaratory judgment appropriate in *Allegheny Ludlum*.

Finally, the core of the objectors' legal analysis, that the board was required to comply with the public notice requirements of MPC section 107(18) when giving notice of Farmers Trust's variance request, is flawed. The Borough of Carlisle Zoning Ordinance, at section 331(2), adopts MPC standards regarding the "membership, duties, procedure, organization, powers" of the zoning hearing board. The objectors erred by confusing the "public notice" requirement of section 107(18) with the basic "notice" requirements for board hearings in MPC section 908(1), 53 P.S. §10908(1):

> (1) Notice shall be given to the public, the applicant, the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. Notices shall be given at

such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board. The governing body may establish reasonable fees, based on cost, to be paid by the applicant and by persons requesting any notice not required by ordinance. In addition to the notice provided herein, notice of said hearing shall be con-. spicuously posted on the affected tract of land.

The specific provisions of MPC section 908(1) did not import the general requirements of section 107(18). The MPC uses the phrase "public notice" without further elaboration when the advertising requirement is intended to apply; the MPC applies "public notice" to ordinance enactments and planned residential development proceedings, *not* to zoning hearing boards. *See, e.g.,* MPC sections 505, 608 and 708, 53 P.S. §§10505, 10608, 10708. Section 908(1) speaks only of "notice" in connection with board proceedings and refers to the ordinance or to the rules of the board, not to section 107(18). Ryan, Pennsylvania Zoning Law and Practice, section 9.4.13 (1981). *The objectors' averment as to a single published notice does not constitute a claim that the board failed to comply with MPC section 908(1) or with any ordinance or board rule.* Without such an allegation, the objectors also have not presented a viable substantive basis.

Accordingly, Judge BAYLEY's sound order dismissing the objectors' action for declaratory judgment is affirmed.

## ORDER

Now, July 8, 1988, the order of the Court of Common Pleas of Cumberland County, dated June 15, 1987, dismissing the objectors' complaint for lack of jurisdiction, is affirmed.