IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael K. Madigan,                 :
            Petitioner        :
                                  :
       v.                   :    No. 527 M.D. 2023
                                  :
Nazareth Area School District,    :    Submitted: February 3, 2026
and Stephen G. Baratta,       :
Former Common Pleas         :
Judge and Lisa Tresslar,       :
Former Northampton           :
Custody Master, Esquire,       :
Low Official Acting as a       :
High Official,               :
            Respondents    :

## ***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                              FILED: March 19, 2026

In this original jurisdiction matter, Michael K. Madigan (Petitioner) petitions for review *pro se* seeking this Court's intervention in a custody matter now or formerly pending in the Court of Common Pleas of Northampton County (trial court). In his petition for review (Petition), Petitioner asserts claims against Nazareth Area School District (School District),[1] former Common Pleas Judge Stephen G. Baratta (Judge Baratta), and Lisa Tresslar, former Northampton County Custody Master (Tresslar) (together, Respondents). Petitioner seeks various forms of custody-related relief, chiefly the vacation of two custody orders entered by the trial court and the dismissal of a contempt petition.

---

[1] Petitioner initially named as a respondent the "Northampton County Pennsylvania School District," which does not exist. On December 6, 2023, School District praeciped to correct the caption to reflect that it is the proper respondent.

School District and Judge Baratta have filed various preliminary objections in which they contest this Court's jurisdiction over Petitioner's claims and further assert demurrers, immunity, and other challenges. School District also has filed an Application to Dismiss the Petition based on Petitioner's failure to respond to School District's preliminary objections.

After careful review of the matters before the Court, we (1) sustain School District's and Judge Baratta's preliminary objections, in part; (2) dismiss with prejudice the entirety of the Petition as against Judge Baratta and Tresslar; (3) transfer the claims against the School District, together with its remaining preliminary objections, to the trial court for disposition; and (4) dismiss as moot the School District's Application to Dismiss.[2]

## I. BACKGROUND

Petitioner filed the Petition on November 16, 2023, therein seeking relief from two allegedly conflicting custody orders entered in the trial court that Petitioner contends are causing him to be in contempt of court. (Petition, ¶¶ 1-5.) The earlier of the two orders, entered on December 9, 2021, is signed by Judge Baratta. The later order, entered on October 26, 2022, is signed by the Honorable John M. Morganelli, who is not party to this litigation. *Id.*, ¶¶ 5, 8; Petition, Exs. B, D.

Petitioner asserts that a custody order entered in the Court of Common Pleas of Westmoreland County should control his custody arrangement and that the trial court's orders, because they split up two half-siblings, are in error. Petitioner further asserts that the trial court's custody orders were procured by fraud and manipulation by his children's mother (Mother) and by Tresslar's ignoring Petitioner's pleas for a different custody arrangement. *Id.*, ¶¶ 6-9. As to the School District,

---

[2] Tresslar did not file a responsive pleading to the Petition and has not otherwise participated in this litigation. Nevertheless, for reasons we discuss *infra*, we dismiss the claims against her.

2

Petitioner contends that it sought to involve police in Petitioner's custody arrangement, which he insists was prompted by Mother's fabrication of a nonexistent crisis. *Id.*, ¶¶ 3, 9.[3]

For relief, Petitioner seeks (1) a "[d]eclaratory [j]udgment acknowledging the need for the [c]ourt to not dilute half-sibling rights" and for Petitioner to "be free from prosecution by the [c]ourt for contempt of the defective order," *Id.*, ¶ 5; (2) vacation of all custody orders entered in the trial court, *Id.*, ¶ 6; (3) dismissal of Mother's contempt petition, *Id.*, ¶ 9; (4) an order directing the trial court to (a) affirm that there "shall be NO dilution of [h]alf-siblings rights" and (b) enter a new custody order that is "consistent and harmonious so both children may not be separated without good cause," *Id.*; and (5) this Court's acknowledgment of "the existence of two conflicting [c]ourt orders." *Id.*

On December 6, 2023, the School District filed preliminary objections to the Petition, in which it chiefly contends that this Court lacks subject matter jurisdiction over any claims against the School District. (School District Preliminary Objection I.) The School District also demurs to the Petition on the merits and objects that it lacks specificity and fails to conform to a rule of court. (School District Preliminary Objections II-IV.)

Judge Baratta filed preliminary objections to the Petition on December 15, 2023, therein arguing that the Petition constitutes an impermissible collateral attack on Petitioner's custody orders and that the claims against Judge Baratta are barred by both judicial and sovereign immunity. (Judge Baratta Br. at 3-9.)

---

[3] Petitioner also includes a single allegation that the custody orders entered in the trial court, together with the fact that the trial court held a custody hearing with a shackled inmate sitting behind Petitioner, "raise significant concerns about potential deprivation of civil rights." Petition, ¶ 8. Petitioner does not, however, explain how such circumstances deprive him of his civil rights or identify which particular rights are involved.

3

On January 17, 2024, having received no written response to its preliminary objections, the School District filed the Application to Dismiss pursuant to Pennsylvania Rules of Appellate Procedure 123 and 1516(b). *See* Pa.R.A.P. 1516(b) (responses to all pleadings filed after an original jurisdiction petition for review must be filed within 30 days, provided that the pleadings are endorsed with a notice to plead). In the Application to Dismiss, the School District seeks dismissal of the Petition with Prejudice. (Application to Dismiss, ¶ 12.)

On June 23, 2024, Petitioner filed an "Opposition to Defendant[s'] Preliminary Objections" together with several additional memoranda (Opposition Papers).[4] Therein Petitioner contends that he adequately pleaded claims against Respondents in their official capacities under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. More specifically, Petitioner asserts violations of his constitutional rights, chiefly his right to be free from unreasonable searches and seizures under the Fourth Amendment.[5] (Response, at ¶ I, IV-VI.) Petitioner further argues that this Court has jurisdiction over his claims because he does not have access to other viable appellate remedies. (Memorandum on Jurisdiction at 2-3) (unpaginated).

---

[4] By order entered December 2, 2024, we directed that Petitioner's Opposition Papers be treated as his brief, provided that he file four paper copies with the prothonotary by January 2, 2025. Petitioner complied on that date. We further noted in the December 2, 2024 order that, although the Opposition Papers do not comply with the Pennsylvania Rules of Appellate Procedure, a panel of this Court might nevertheless conclude that they adequately state Petitioner's position. Because we can fairly glean Petitioner's arguments from his Opposition Papers, we will consider them collectively as his appellate brief.

[5] Other than a single remark about potential and generic civil rights issues, nowhere in the Petition does Petitioner mention or assert any Section 1983 civil rights claims with regard to the Fourth, Fourteenth, or any other Amendments to the United States Constitution.

With regard to Tresslar and Judge Baratta, Petitioner argues that judicial immunity should be waived. As to Tresslar, Petitioner contends that she engaged in conduct outside of her judicial duties that violated Petitioner's constitutional rights, namely, "harassment and manipulation of case outcomes." (Petitioner's Argument for Waiver, at 2) (unpaginated). As to Judge Baratta, Petitioner contends that judicial immunity should be waived because Judge Baratta allegedly ignored Tresslar's conduct. (Petitioner's Argument to Grant Waiver, at 2-4) (unpaginated).

## II.     DISCUSSION

### A.     Judge Baratta's Preliminary Objections

In his preliminary objections, Judge Baratta[6] argues that Petitioner is foreclosed from collaterally attacking the custody orders entered in the trial court because the appropriate procedure to challenge those orders would be to file direct appeals to the Superior Court of Pennsylvania. He also argues that he is entitled to the protections of both sovereign and judicial immunity for signing the December 9, 2021 custody order.[7]

---

[6] Although the caption does not expressly say so, it is clear from the Petition and Petitioner's Opposition papers that Judge Baratta is sued in his official capacity. He consistently is referenced as "Judge Baratta," and all of the allegations in the Petition concern his entry of one of the challenged custody orders. *See Flagg v. International Union, Security, Police, Fire Professionals of America, Local 506*, 146 A.3d 300, 306 (Pa. Cmwlth. 2016) ("To determine whether the defendant has been sued in his individual or official capacity, the court must look to the complaint and the course of the proceedings . . . ."). Tresslar also is expressly sued in her official capacity as a "Low Official Acting as a High Official." *See* Petition, Caption.

[7] Although Petitioner argues in his Opposition Papers that Judge Baratta permitted Tresslar's conduct, he does not allege those facts in the Petition.

## 1.    Sovereign Immunity

For ease of analysis, we address Judge Baratta's preliminary objections in reverse order.  First, Judge Baratta argues that he, acting in his official capacity, enjoys sovereign immunity from suit as a judge of the court of common pleas.  We agree.

> The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. Amend. XI. In other words, the Eleventh Amendment bars federal lawsuits against states and their agencies unless sovereign immunity has been expressly waived.

> The doctrine of sovereign immunity also extends to a state official acting in his or her official capacity because it is not a suit against the official but rather is a suit against the official's office and, therefore, is no different from a suit against the State itself.  However, the Eleventh Amendment does not bar a suit against a state official acting in his or her individual or personal capacity.

*Flagg*, 146 A.3d at 306-07.  In turn, Section 2310 of the Pennsylvania Consolidated Statutes states:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania,[8] it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa.C.S. § 2310.  As to damages, the General Assembly has waived immunity in only 10 specified circumstances, none of which apply in this matter.  *See* Section 8522(b)

---

[8] PA. CONST. art. I, § 11 ("Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.").

of the Judicial Code, 42 Pa.C.S. § 8522(b). As to injunctive relief, sovereign immunity does not bar claims for *prohibitive* injunctive relief, but it does bar claims for *mandatory* injunctive relief commanding the performance of an affirmative act. *See Page v. Rogers*, 324 A.3d 661, 679 n.32 (Pa. Cmwlth. 2024).

Here, all of the relief sought by Petitioner against Judge Baratta, in its essence, seeks mandatory injunctive relief in the form of the entry of new orders, the dismissal of a contempt petition, and other affirmative acts. Such claims are barred by sovereign immunity. For that reason, we dismiss all claims asserted against Judge Baratta in the Petition.[9]

### 2.    Judicial Immunity

Judge Baratta next asserts that he is protected from suit by judicial immunity.[10] We have described the applicability of judicial immunity as follows:

> Judicial immunity requires a two-part analysis: first, whether the judge has performed a judicial act; and second, whether the judge has some jurisdiction over the subject matter before him. This Court [has] reasoned[] [that] [j]udges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or

---

[9] Claims for declaratory relief generally are not barred by sovereign immunity. *Brimmeier v. Pennsylvania Turnpike Commission*, 147 A.3d 954, 961 (Pa. Cmwlth. 2016). Properly construed, and notwithstanding Petitioner's labeling, the claims against Judge Baratta all seek injunctive relief compelling Judge Baratta (the trial court) to take affirmative action. To the extent that any of the claims could be interpreted to request declaratory relief, such claims are improper and will be dismissed for other reasons discussed *infra*.

[10] Although the affirmative defense of immunity from suit typically must be asserted by way of new matter, *see* Pa.R.Civ.P. 1030(a), "Pennsylvania courts have long recognized a limited exception to this rule and have allowed parties to plead the affirmative defense of immunity as a preliminary objection where the defense is clearly applicable on the face of the complaint." *Chasan v. Platt*, 244 A.3d 73, 81 (Pa. Cmwlth. 2020) (quoting *Feldman v. Hoffman*, 107 A.3d 821 (Pa. Cmwlth. 2014)) (emphasis removed). This is particularly so where the assertion of the immunity defense via preliminary objection is not itself challenged by preliminary objection, which is the case here. *Chasan*, 244 A.3d at 81.

performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person.

This Court recognizes judicial immunity is not only immunity from damages, but also "immunity from suit." As such, judicial immunity is an available defense for declaratory relief.

*Chasan*, 244 A.3d at 81-82 (Pa. Cmwlth. 2020) (internal citations, quotations, editing, and footnotes removed); *see also Guarrasi v. Scott*, 25 A.3d 394, 405 n.11 (Pa. Cmwlth. 2011).

There is no dispute that Judge Baratta both performed a judicial act and had subject matter jurisdiction over Petitioner's custody case when he entered the December 9, 2021 custody order. Accordingly, we conclude that Judge Baratta also has judicial immunity from suit with regard to all claims asserted against him in the Petition.

### 3. Declaratory Relief

Judge Baratta lastly argues that any claims for declaratory relief contained in the petition are barred because they attempt to collaterally attack Petitioner's custody orders, which is not permissible under the Declaratory Judgments Act. Again, we agree.

Section 7541(c)(3) of the Declaratory Judgments Act provides that declaratory relief is not available regarding a proceeding "involving an appeal from an order of a tribunal." 42 Pa.C.S. § 7541(c)(3). Accordingly, we have held that declaratory judgment actions may not be used to collaterally attack an order of another tribunal. *Logan v. Lillie*, 728 A.2d 995, 999 (Pa. Cmwlth. 1999); *J.B. Steven, Inc. v. Board of Commissioners of Wilkens Township*, 643 A.2d 142, 147 (Pa. Cmwlth. 1994); *Kallman v. Carlisle Zoning Hearing Board*, 543 A.2d 1273, 1275-76 (Pa. Cmwlth. 1988). Further, declaratory judgment actions are designed to resolve uncertainty about

legal rights, status, and relations where there is an interest "that is direct, substantial, and present" concerning an "actual controversy related to the invasion or threatened invasion" of legal rights. *Waslow v. Department of Education*, 984 A.2d 575, 580 (Pa. Cmwlth. 2009). In other words, a real controversy must exist with "antagonistic claims indicating imminent and inevitable litigation with a clear manifestation that the declaration sought will be of practical help in ending the controversy[.]" *Gulnac v. South Butler County School District*, 587 A.2d 699, 701 (Pa. 1991). For this reason, declaratory relief is inherently forward-looking and is not to be used to address completed past conduct. *Chasan v. Platt*, 244 A.3d 73, 84 (Pa. Cmwlth. 2020).

Here, all of the relief sought by Petitioner, including any declaratory relief, relates to his custody dispute with Mother in the trial court, chiefly the two final custody orders entered on December 9, 2021 and October 26, 2022. The proper and only recourse to challenge those orders was to file timely appeals to the Superior Court of Pennsylvania. Petitioner may not substitute for a proper appeal an original jurisdiction declaratory suit in this Court. 42 Pa.C.S. § 7541(c)(3).[11]

Moreover, all of Petitioner's claims concern completed past conduct of Respondents, which may not form the basis of a declaratory judgment claim. *See, e.g., Stahl v. Kenney* (Pa. Cmwlth., No. 385 M.D. 2017, filed May 2, 2018), slip op. at 8-9, *affirmed*, 205 A.3d 309 (2019) (Mem.) (past conduct of common pleas judges in

---

[11] To the extent that Petitioner seeks relief for any purported misconduct of Judge Baratta, such claims are within the exclusive jurisdiction of the Pennsylvania Supreme Court's Judicial Conduct Board. *See* PA. CONST. art. V, §§ 10(c), 18(a)(7); C.J.D.R.P. No. 301(A); Section 7541(c)(2) of the Declaratory Judgments Act, 42 Pa.C.S. § 7541(c)(2) (declaratory relief not available regarding any proceeding "within the exclusive jurisdiction of a tribunal other than a court").

9

domestic relations litigation, including the entry of orders, was prior conduct that was not an appropriate subject for declaratory relief).[12]

For all these reasons, to the extent that the Petition states claims for declaratory relief that are not barred on their face by immunity, those claims nevertheless fail.

### B. Tresslar

Tresslar has not to date filed a responsive pleading to the Petition. By the express wording of the case caption, she is sued in her official capacity related to alleged actions she took as the custody master in Petitioner's custody suit. As a result, she is entitled, with Judge Baratta, to judicial immunity. *Logan*, 728 A.2d at 998. Although we typically would not raise the issue of judicial immunity *sua sponte*, *see Yount v. Department of Corrections*, 966 A.2d 1115, 1119 (Pa. 2009), here it is appropriate. Petitioner himself anticipates Tresslar's judicial immunity in his Petition and Opposition Papers, arguing in both that immunity *should not apply* given the nature of the alleged constitutional violations at issue and the nature of the challenged conduct. (Petition, ¶¶ 6, 8; Argument for Waiver, at 2-3) (unpaginated). Thus, we are not in fact raising the issue *sua sponte* but, instead, are addressing an anticipatory issue raised by Petitioner himself.

In that vein, Petitioner argues in his Opposition Papers that Tresslar should not be judicially immune because she engaged in constitutional violations and conduct that was outside of her judicial functions. Nevertheless, all of Tresslar's conduct *alleged in the Petition* concerns the performance of her duties as a quasi-judicial custody master in allegedly procuring the entry of the challenged custody

---

[12] We cite this unreported decision of this Court for its persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

orders. Although Petitioner adds several new allegations concerning Tresslar in his Opposition Papers, they are not contained in the Petition, and we accordingly do not consider them. *Smith v. Beard*, 26 A.3d 551, 558-59 (Pa. Cmwlth. 2011) (citing, in part, Pa.R.Civ.P. 1017) (in ruling on preliminary objections, we do not consider new explanations and new facts contained in the petitioner's brief, which is not a pleading).

For these reasons, we conclude that Tresslar, like Judge Baratta, is entitled to judicial immunity from the claims asserted in the Petition.

### C.    School District's Preliminary Objections

Because it is dispositive, we address first the School District's preliminary objection challenging our subject matter jurisdiction over any claims asserted against it in the Petition. *See* Pa.R.Civ.P. 1028(a)(1) (grounds for preliminary objection include "lack of jurisdiction over the subject matter of the action"). As is well-settled, this Court has original jurisdiction in only a narrow class of cases. *Stackhouse v. Commonwealth*, 832 A.2d 1004, 1007 (Pa. 2003). The contours of that jurisdiction are set forth in Section 761 of the Judicial Code, which provides, in pertinent part:

> (a)    General    Rule.—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity . . . .
>
> . . . .
>
> (c) Ancillary matters.— . . . . To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

42 Pa.C.S. § 761(a)(1), (c). First, and plainly, the School District is not a Commonwealth agency subject to the original jurisdiction of this Court. *See Borough of Hummelstown v. Lower Dauphin School District*, 357 A.2d 727, 729 (Pa. Cmwlth.

11

1976).  Second, our ancillary original jurisdiction extends only to those claims or matters that are related to other claims that fall within our exclusive original jurisdiction.  42 Pa.C.S. § 761(c).  Where such related, original jurisdiction claims are lacking, we cannot exercise ancillary jurisdiction.  *Reliance Insurance Co. v. Aramark Corp.*, 38 A.3d 958, 967 (Pa. Cmwlth. 2011).

Having sustained Judge Barratta's preliminary objections and dismissed the claims asserted against him and Tresslar, we no longer have any basis to assert ancillary jurisdiction over the claims against the School District.  Thus, pursuant to 42 Pa.C.S. § 5103(a), we transfer Petitioner's claims against the School District, together with the School District's remaining preliminary objections, to the trial court for disposition.

## III.  CONCLUSION

In sum, we sustain Judge Baratta's preliminary objections and dismiss all claims asserted against him in the Petition.  We relatedly dismiss the claims asserted against Tresslar on the ground of judicial immunity.  Without any remaining state actors as Respondents, we also sustain the School District's preliminary objection challenging our jurisdiction and transfer the claims against it, together with its remaining preliminary objections, to the trial court for disposition. Lastly, given our disposition on the preliminary objections, we dismiss as moot the School District's Application to Dismiss.[13]

---

[13] Even if we considered the Application to Dismiss, we would deny it.  Although Pa.R.A.P. 1516(b) provides that each pleading filed after the original petition for review must be filed within 30 days after the preceding pleading, the failure to file a responsive pleading to preliminary objections does not sustain the preliminary objections by default.  *See Uniontown Newspapers, Inc. v. Roberts*, 839 A.2d 185, 190 (Pa. 2003).  This is particularly true when preliminary objections challenge our subject matter jurisdiction, which is an issue that is never waived and that we may consider *sua sponte*. *Martin v. Zoning Hearing Board of West Vincent*, 290 A.3d 540, 544 (Pa. Cmwlth. 2020).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael K. Madigan,       :
           Petitioner       :
      :
      v.       :       No. 527 M.D. 2023
      :
Nazareth Area School District,       :
and Stephen G. Baratta,       :
Former Common Pleas       :
Judge and Lisa Tresslar,       :
Former Northampton       :
Custody Master, Esquire,       :
Low Official Acting as a       :
High Official,       :
           Respondents       :

**PER CURIAM**            ***ORDER***

AND NOW, this 19th day of March, 2026, the preliminary objections of Nazareth Area School District (School District) and Stephen G. Baratta, Former Common Pleas Judge (Judge Baratta) are SUSTAINED, in part, as set forth in the foregoing Memorandum Opinion. All claims asserted in the Petition for Review against Judge Baratta and Lisa Tresslar, Former Northampton Custody Master, are DISMISSED, with prejudice. It further is ordered that the claims asserted against the School District, together with the School District's remaining preliminary objections, are transferred to the Court of Common Pleas of Northampton County for disposition.