J-S32033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. NEPPACH, | : | |
| | : | |
| Appellant | : | No. 1965 WDA 2014 |

Appeal from the Judgment of Sentence entered on October 28, 2013
in the Court of Common Pleas of Beaver County,
Criminal Division, No(s):  CP-04-CR-0002257-2010;
CP-04-CR-0002434-2012

BEFORE:  SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:        **FILED JUNE 03, 2015**

Michael R. Neppach ("Neppach") appeals from the judgment of sentence imposed following the revocation of his probation/parole.  We affirm.

This appeal involves three separate cases that were consolidated at the probation revocation court level: 2257-2010 ("No. 2257"); 1667-2012 ("No. 1667"); and 2434-2012 ("No. 2434").  At No. 2257, the Commonwealth charged Neppach, in November 2010, with retail theft, to which he subsequently pled guilty and received a sentence of three years of probation.  While Neppach was on probation, the Commonwealth charged him with retail theft at No. 1667, to which he pled guilty in October 2012, and was sentenced to two years of probation.  In December 2012, the Commonwealth charged Neppach at No. 2434 with criminal trespass and

possession of drug paraphernalia. Neppach pled guilty to criminal trespass and was sentenced to serve 6½ to 23 months in the Beaver County Jail, followed by three years of probation.

In January 2013, concerning Nos. 2257 and 1667, the Commonwealth filed a Petition to revoke Neppach's probation, alleging technical violations based upon the new charges against Neppach at No. 2434. Following Neppach's subsequent stipulation to the probation violations, the court revoked his probation and sentenced him to 6 to 23½ months in the Beaver County Jail, followed by one year of probation.

In August 2013, after Neppach had completed his minimum 6½-month sentence imposed at No. 2434, he was released on parole, and ordered by the trial court to enter inpatient drug and alcohol treatment at the Gaudenzia Treatment Center ("Gaudenzia").[1] However, Neppach left Gaudenzia within 24 hours, without informing the Adult Probation and Parole Office. Accordingly, a warrant was issued for his arrest.

On August 30, 2013, the Commonwealth again filed a Petition to revoke Neppach's probation/parole, on all three case numbers, based upon Neppach's technical violation by leaving Gaudenzia. After ordering a presentence investigation report and considering the Commonwealth's

---

[1] This Court has noted that "a sentencing court can, as a condition of parole, require a defendant to 'satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.'" *Commonwealth v. Cappellini*, 690 A.2d 1220, 1226 (Pa. Super. 1997) (quoting 42 Pa.C.S.A. § 9754(c)(13)).

Petition, the probation revocation court revoked Neppach's probation/parole, and imposed the following sentences: (1) at No. 1667, time served of 237 days; (2) at No. 2257, sixteen to sixty months in a State Correctional Institution; and (3) at No. 2434, sixteen to sixty months in a State Correctional Institution, to run concurrently with the sentence at No. 2257. Notably to the instant appeal, the probation revocation court gave Neppach 242 days' credit for time served concerning No. 2257, and 308 days at No. 2434. The probation revocation court applied these periods as back-time toward the parole portion of the underlying sentences, and terminated parole in both cases. Neppach timely filed a post-sentence Motion, arguing that his sentences were excessive, and challenging the court's application of credit for time served to the parole portion of his underlying sentences at Nos. 2257 and 2434. The probation revocation court denied Neppach's Motion.

Following a procedural history that is not relevant to this appeal, Neppach timely filed a Notice of Appeal, *nunc pro tunc*, in November 2014.[2] Neppach timely filed a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, after which the probation revocation court issued an Opinion.

On appeal, Neppach presents the following issues for our review:

---

[2] Neppach's appeal concerns only his sentences at Nos. 2257 and 2434. Neppach's sentence at No. 1667 is not implicated because it was terminated and closed after the probation revocation court imposed a sentence of time served.

I.  [Whether the probation revocation] court abused its discretion in imposing a sentence of total confinement following a parole/probation revocation hearing, by stating on the record that the parole was terminated, and that [] Neppach would receive credit for time served on a 16 to 60 month sentence imposed at [Nos. 2257 and 2434], but then later drafting the written sentencing [O]rder[,] which directed that all credit for time served went toward the terminated parole, with zero credit toward the concurrent 16 to 60 month sentence at each case[?]  This sentence, handled in this fashion, was excessive and unreasonable in light of the amount of time already served on the underlying cases; the nature of the underlying cases involving criminal trespass and retail theft; and the fact that the revocation was caused by a technical violation – namely, that [] Neppach did not return to an inpatient treatment facility and contacted his probation officer two days later.

II.  [Whether the probation revocation] court abused its discretion in imposing a sentence of total confinement – which was tantamount to an aggravated[-]range sentence, just shy of the statutory maximum – [and] which was unduly harsh, excessive and unreasonable in light of the objectives of the Sentencing Code[,] as established in [42 Pa.C.S.A.] § 9721(b), where the sentence imposed did not address [] Neppach's time already served, his specific circumstances which caused the technical violation, the underlying charges of retail theft and criminal trespass; and [] Neppach's rehabilitative needs[,] when compared to the need to protect the public, and where the [probation revocation] court failed to state on the record adequate reasons that would support the need to impose an aggravated[-]range sentence[?]

Brief for Appellant at 6 (capitalization omitted).

First, Neppach argues that the probation revocation court erred in its application of credit for time he had served in jail toward Nos. 2257 and

- 4 -

2434, *i.e.*, 242 days, and 308 days, respectively. ***See id.*** at 18-19.[3]

The probation revocation court explained and addressed Neppach's

claim in its Pa.R.A.P. 1925(a) Opinion as follows:

> [Neppach] alleges that the [probation revocation c]ourt, during [Neppach's] sentencing hearing, stated that [] Neppach would receive credit for time served on the sixteen to sixty month sentence[s] [imposed concurrently at Nos. 2257 and 2434], but then drafted the written [sentencing] Order to say that this credit would be directed towards parole, which was then revoked. [***See*** Brief for Appellant at 19.] The [c]ourt did indeed credit that time towards parole in its written [O]rder, and that sentence, delivered on the record during the hearing, was consistent with the written Order, as the record reveals. The transcript shows that the [c]ourt stated the following with regard to [No.] 2257 …:

> > [Neppach's] parole is terminated. He is to receive credit for the dates in [jail] that he has on that case, which is 242 days. [Neppach] is sentenced to serve not less than 16 months, nor more than 60 months in a State penial [*sic*] or correctional institution or facility as the Bureau of Corrections shall determine.

> N.T., 10/28/13, at 19. Similarly, with regard to [No.] 2437 …, the [c]ourt stated:

> > [Neppach's] parole is terminated. [Neppach] is [] given credit for the time period that he had in [jail], which in this case[,] my determination from the pre-sentence report[,] is 308 days. [Neppach] is sentenced to serve not less than 16 months to 60 months in a State penial [*sic*] or correctional institution or facility[,] as the Bureau of Corrections shall determine, as I indicated, not less than 16 months, nor more than 60 months.

---

[3] Though Neppach patterns his instant claim as a challenge to the discretionary aspects of his sentence, in reality, it is a challenge to the legality of the sentence. ***See Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa. Super. 2009) (stating that a challenge to a sentencing court's failure to award proper credit for time served prior to sentencing implicates the legality of sentence).

> *Id.* at 21. At no time did the [c]ourt state that the time would be credited to [Neppach's] new confinement portion rather than the parole portion. Indeed, the [c]ourt's statement that [Neppach] would receive credit immediately **after** the [c]ourt had stated that parole was terminated, and **before** imposing its sixteen to sixty month sentence on the probation violation, is a clear indication that the credit would be applied to the parole portion. Thus, the [c]ourt's statements in imposing sentence during the hearing were in no way inconsistent with its later written Orders.

Probation Revocation Court Opinion, 1/9/05, at 11-12 (emphasis in original, citation to Neppach's brief added). Our review discloses that the court's foregoing analysis is supported by the record. The probation revocation court gave Neppach back-time credit toward the parole portion of his underlying sentences at Nos. 2257 and 2434; granting him additional credit would amount to an inappropriate double credit for Neppach. *See Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001) (holding that the appellant was not entitled to double credit for time served where "that time ha[d] already been credited towards his parole violation sentence."). Accordingly, we discern no error by the probation revocation court in its application of credit for time served toward Nos. 2257 and 2434, and Neppach's contention to the contrary lacks merit.

Next, Neppach argues that the probation revocation court abused its discretion by imposing a sentence of total confinement for his technical probation violation in leaving Gaudenzia. *See* Brief for Appellant at 10, 22-24. Neppach contends that the aggregate sentence at Nos. 2257 and 2434 of sixteen to sixty months in prison is unduly harsh, excessive and

manifestly unreasonable, particularly in light of the fact that his underlying convictions were for retail theft and criminal trespass. ***See id.*** Neppach further asserts that this sentence is contrary to section 9771(c) of the Sentencing Code,[4] in that "Neppach did not commit a new crime; the [probation revocation] court did not determine that he was likely to commit another crime; nor did the court indicate that total confinement was necessary to vindicate the authority of the court." ***Id.*** at 23.

Neppach challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether

---

[4] Section 9771(c) provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

> there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, Neppach filed a timely Notice of Appeal and preserved the challenge to his sentence in a timely post-sentence Motion. He also has included a concise statement of the reasons relied upon for allowance of appeal in his brief, pursuant to Pa.R.A.P 2119(f). Additionally, we determine that Neppach's claim presents a substantial question. *See Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (stating that a substantial question is presented when a probation revocation sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation);[5] *see also Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (stating that the appellant presented a substantial question by asserting that the sentencing court did not comply with section 9771(c) of the Sentencing Code when imposing its revocation sentence).

The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which,

---

[5] We observe that technical violations can be sufficient to trigger the revocation of probation. *See Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005) (stating that "the reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, … [a] probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." (citation omitted)).

absent an abuse of that discretion, will not be disturbed on appeal. *Sierra*, 752 A.2d at 913. Upon review, we determine the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Gheen*, 688 A.2d 1206, 1207-08 (Pa. Super. 1997). When imposing a sentence of total confinement after a probation revocation, the sentencing court must consider the factors set forth in sections 9771(c) and 9721(b) of the Sentencing Code. *Ferguson*, 893 A.2d at 739; *see also* 42 Pa.C.S.A. § 9721(b) (providing that when determining an appropriate sentence, the court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant). Following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Here, the probation revocation court addressed Neppach's challenge to his sentence in the court's Rule 1925(a) Opinion as follows:

> During [the] probation violation hearing, the [probation revocation c]ourt considered the presentence investigation

report[6] and heard testimony from Institutional Parole Representative/Jail Population Control Officer for Beaver County[,] Bradley A. Herr ["Herr"]. The presentence report showed that [Neppach] has an extensive criminal history[,] including fifteen convictions. [Neppach previously] had been placed on ARD, probation, intermediate punishment, [County] incarceration, State incarceration, and parole. [Neppach] had been arrested and convicted six times from 2009 to 2013, and failed to complete supervision on any of these convictions. When placed on probation in Butler County in 2010, [Neppach] received new charges only eleven days later in Beaver County. Finally, when sent for inpatient care at [] Gaudenzia … in the present cases, [Neppach] left the facility [with]in less than twenty-four hours, without notice or authorization. When he finally contacted [] Herr and left a voice message three days after leaving [Gaudenzia], [Neppach] did not inform [Herr of] his location or contact information. Thus, all attempts to divert [Neppach] away from his past criminal behavior have been unsuccessful. As [] Herr advised, "We've pretty much done what we can do on this on a county level as far as I'm concerned."

In considering these facts, the [probation revocation c]ourt[,] although not required to do so, consulted the sentencing guidelines.[7] Based on the evidence, [Neppach] has simply not been responsive to any of the alternative forms of treatment he has been offered. The public would not be adequately protected by a lesser sentence. 42 Pa.C.S.A. § 9721(b). [Neppach] has shown, over a long criminal history with numerous convictions, that he is unwilling to complete any form of supervised release or inpatient treatment as directed. Further, the gravity of [Neppach's] offenses is substantial, and includes two third-degree felonies. *Id.* Finally, as shown by his willful refusal to accept his court-ordered inpatient treatment at [] Gaudenzia …, [Neppach's] rehabilitative needs were simply

---

[6] "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations[.]" **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009).

[7] **See Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014) (observing that the sentencing guidelines do not apply to sentences imposed as result of revocation of probation). However, the sentences that the probation revocation court imposed at Nos. 2257 and 2434 were within the standard range of the sentencing guidelines. **See** N.T., 10/28/13, at 6.

not being met by the previous sentence. **Id.** Therefore, in the judgment of the [probation revocation c]ourt, a significant period of confinement was indicated and the sentences imposed were both reasonable and appropriate under the facts and circumstances of this case.[FN]

> [FN] The [c]ourt also notes that, despite the many factors weighing in favor of an extended period of confinement in both cases, the [c]ourt did not run [Neppach's separate] sixteen to sixty month sentences in [Nos.] 2257 [] and 2434 [] consecutively, but rather ran them concurrently.

Probation Revocation Court Opinion, 1/9/05, at 12-13 (citation to record and some capitalization omitted; footnote in original; additional footnotes added).

After review, we agree with the probation revocation court's foregoing rationale, and conclude that the court did not abuse its discretion by imposing Neppach's sentence of total confinement, which we find is neither excessive nor contrary to the Sentencing Code. **See Sierra**, 752 A.2d at 915 (holding that the sentencing court's imposition of a prison sentence following a probation violation was not an abuse of discretion, since the sentence was based upon the judge's in-depth knowledge of the individual, a finding that parole and probation were not effective in rehabilitating the defendant, and that a further prison term was appropriate); **see also Commonwealth v. Carver**, 923 A.2d 495, 498 (Pa. Super. 2007) (stating that technical probation violations, where flagrant and indicative of an inability to reform, can support revocation and imprisonment); **Cappellini**, 690 A.2d at 1226-27, 1228 (holding that the probation revocation court properly exercised its discretion in revoking the defendant's probation and

imposing a sentence of total confinement where he violated conditions of his probation to participate in drug and alcohol treatment and testing, and refrain from contact with drug offenders, which evidenced his inability to reform).

In light of the foregoing, and based upon our review of the record, we conclude that the probation revocation court did not commit an error of law or abuse its discretion in imposing Neppach's sentence, or in giving him credit for time served.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015