611 A.2d 706

Daniel RENZIEHAUSEN and Patricia
Renziehausen, his wife, Appellees,

v.

The TOWNSHIP OF ROBINSON, a Municipal Corporation,
and Richard Wagner, individually, and as the Zoning
Officer of the Township of Robinson, Appellants.

Supreme Court of Pennsylvania.

Argued Sept. 24, 1991.

Decided June 17, 1992.

James W. Harvey, Steven N. Joseph, Pittsburgh, for appellants.

Michael F. Fives, Conway & Fives, Pittsburgh, for appellees.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

ZAPPALA, Justice.

The question in this appeal is whether Commonwealth Court erred when it reversed an order of the Court of Common Pleas of Allegheny County and remanded for entry of a mandamus directing the Robinson Township Zoning Officer to issue a building permit subject to certain conditions. 130 Pa.Commw. 662, 567 A.2d 353.

Daniel and Patricia Renziehausen operate a garbage hauling business. In April of 1986, they filed a site plan for property they own in Robinson Township, proposing to construct a fifty-by-fifty foot building to store, maintain, and repair garbage trucks used in their business. The Board of Township Commissioners, on the advice of the Planning Commission, denied approval and the zoning officer denied a building permit on the grounds that the use was not a permitted one.

Under the township zoning ordinance, the property is located in a Light Industrial District II. On appeal, in July of 1986 the Zoning Hearing Board determined that the proposed use is a compatible use similar to those listed as being permitted in the district and approved it subject to several "conditions". On further appeal by neighbors, who argued that the use was not permitted, and by the Renziehausens, who argued against the "conditions", the common pleas court affirmed in April of 1988, as did Commonwealth Court in November of the same year. 121 Pa.Commw. 346, 550 A.2d 863. In rejecting the Renziehausens' argument, Commonwealth Court observed that the "conditions" were not requirements in addition to those stated by the ordinance, but were no more than statements of circumstances under which the use would meet the ordinance's definition of a "light industrial use". This Court denied the Renziehausens' Petition for Allowance of Appeal.

While that matter was pending, specifically while the Zoning Hearing Board's decision was on appeal to the common pleas court, the Renziehausens filed a second site plan for the property, again proposing a building for storage and maintenance of garbage trucks, this one fifty-by-seventy feet. This site plan was approved by the Board of Township Commissioners in November of 1987. In August of 1988, the Renziehausens applied for a building permit, which the zoning officer denied for two reasons. First, he found that the application, which was dated April 25, 1986, was untimely. Second, he noted that the Renziehausens' appeal as to the "conditions" imposed on the proposed use, which arose from his denial of a building permit for the same site, was still pending in Commonwealth Court. No appeal was taken from this denial.

In September of 1988, however, the Renziehausens filed a complaint in mandamus which initiated the matter now before the Court.[1] In this complaint, the Renziehausens, without

1. Although a statutory right of appeal, being an appropriate and adequate legal remedy, would ordinarily preclude mandamus relief, the legislature has provided in the Municipalities Planning Code that "[n]othing contained in this article shall be construed to deny the appellant the right to proceed directly to court where appropriate, pursuant to the Pennsylvania Rules of Civil Procedure No. 1091 (relat-

differentiating between the two applications, recited the procedural history of their *first* application for a building permit through the common pleas court's decision, after which they asserted that the Planning Commission and the Board of Commissioners had approved their *second* site plan. On this basis, they asserted that since it had been established that the use was a permitted one and the Planning Commission and Township Commissioners had approved their plan, all requirements of the ordinance had been met and there was no discretion to deny the building permit, but rather a legal duty to issue one. The Renziehausens also claimed damages "in excess of $10,000 as a result of delays causing increases in construction costs, increases in financing costs with increase in debt service over the term of the financing as well as incurring substantial expenses for rental property to conduct the activity which would otherwise lawfully be conducted on the Plaintiff's property," along with costs and expenses involved in litigation.

On December 9, 1988, the court of common pleas sustained preliminary objections and dismissed the complaint in mandamus. In its opinion filed March 2, 1989, the court highlighted the importance of a fact the Renziehausens had neglected to include in their complaint, that the common pleas order affirming the finding that the proposed use was a permitted one was on appeal, both at the time the complaint in mandamus was filed and at the time the court ruled on it. The court observed, "[t]he plaintiff can not get a permit on the strength of an (sic) 1987 site plan approval when he is refusing, via the appeal, to abide by the conditions of that revised plan." Opinion at 3. Indeed, as the court pointed out, this was one of the reasons cited by the zoning officer in his letter advising of the refusal to issue the permit. The court also made passing mention of the two other reasons given by the zoning officer for his action (the incorrect statement of the date and the necessity of review by the new township engineer) and of the fact that the size of the proposed garage had changed from

ing to action in mandamus)." Act of July 31, 1968, P.L. 805, No. 247, art. IX, § 910.1, added December 21, 1988, P.L. 1329, No. 170, § 89, 53 P.S. § 10910.1.

the first to the second site plan. These factual discrepancies, said the court, demonstrated that there was no clear right to the issuance of the permit.

In January of 1989, the Renziehausens filed a timely appeal to Commonwealth Court from the dismissal of their complaint in mandamus, and the case was argued in October of 1989. In the meantime, in May of 1989, this Court, as previously mentioned, had denied allocatur with respect to the first case, thus finalizing the determination that the use was permitted subject to the "conditions" described by the Board. Based on this fact, Commonwealth Court determined that there no longer was any valid basis for refusing to issue a building permit, and remanded for entry of mandamus directing that such a permit issue subject to the aforementioned "conditions".

In this appeal, the Township argues first that the Commonwealth Court erred in neglecting the standard of review applicable to an appeal of a denial of mandamus. The Township argues that instead of applying the "abuse of discretion" standard, the Commonwealth Court gave plenary review, deciding for itself whether mandamus was appropriate.

■ This argument fails because it is based on a mistaken view of the procedural posture of the case. The common pleas court did not rule on the merits in dismissing the mandamus complaint, it granted preliminary objections in the nature of a demurrer. Although there is very little practical distinction between the analysis the court used and that which it would have applied to reach a decision on the merits, the procedural posture of the case has a bearing on the appropriate standard of appellate review. A decision to deny mandamus is indeed subject to reversal only for abuse of discretion. *Malone v. West Marlborough Township Board of Supervisors*, 131 Pa. Commw. 347, 570 A.2d 147 (1990). A decision that a plaintiff has failed to state a cause of action (in mandamus), however, is subject to plenary review, inasmuch as the common pleas court has decided that the complaint, as a matter of law, does not make out a claim for relief.

■ Resolution of this argument, however, points up another difficulty with the Commonwealth Court's decision. The Commonwealth Court, in so many words, acknowledged that "Judge Cappy's analysis was correct at the time his opinion was written," Opinion at 9, since this Court had not yet acted on the Renziehausens' petition for allowance of appeal raising the issue of the propriety of the "conditions". Thus whatever the appropriate standard of review, the court, in essence, found no error in the lower court's analysis. The court, however, took judicial notice of the fact that by the time the present case was before it, allocatur had been denied in the other litigation and thus the existence of a pending appeal was no longer a valid basis either for sustaining preliminary objections to the complaint in mandamus or for the Township to deny issuance of a permit. The court then went on to determine that it was clear from the record that the Renziehausens had otherwise met all the requirements imposed by ordinance, and rather than have the Renziehausens apply for a permit yet again, the court decided, in the interest of judicial economy, to direct that the permit be issued by way of mandamus.

The flaw in this analysis is that because the matter had been decided in common pleas court on preliminary objections, the Township had not filed an Answer to the Complaint or had the opportunity to assert any defense to the claim. Neither had the Renziehausens been put to the burden of establishing their entitlement to the extraordinary remedy of mandamus. While ultimately the Township might be unable to assert a viable defense and the Renziehausens might be able to establish the elements necessary for the issuance of a mandamus order with relative ease, an appellate court reviewing the grant of a demurrer is not the proper forum for making such determinations. Although we recognize and respect the court's desire to resolve this matter without further burdening judicial resources, in our judgment the court went beyond the bounds of its appellate authority in directing the common pleas court to issue the mandamus. The proper course, upon finding that the order on appeal, though correct when entered,

was no longer supported because of changed circumstances, would have been for the court to vacate the order and remand for further proceedings.

Accordingly, the order of the Commonwealth Court reversing the order of the common pleas court and remanding with directions to issue the mandamus is reversed. The order of the court of common pleas sustaining preliminary objections is vacated and the case is remanded to that court for further proceedings.

LARSEN and CAPPY, JJ., did not participate in the consideration or decision of this case.