777 A.2d 436

**Howard JACKSON, Appellant,**

**v.**

**Donald VAUGHN, Superintendent, SCI–Graterford, Pennsylvania Bureau of Corrections, et al., and Kathleen Zwierzyna, Board Secretary, Pennsylvania Board of Probation and Parole, et al., Appellees.**

Supreme Court of Pennsylvania.

Submitted Sept. 29, 2000.

Decided July 18, 2001.

Saylor, J., dissented and filed opinion in which Castille, J., joined.

Howard Jackson, pro se.

Robert Mayer Wolff, for Donald Vaughn.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR.

## *OPINION*

NIGRO, Justice.

Appellant Howard Jackson appeals from the Commonwealth Court's order granting Appellees' David Vaughn, Superintendent, SCI–Graterford, Pennsylvania Bureau of Corrections, *et al.,* ("the Department") demurrer to his *pro se* petition for review in the nature of mandamus. Appellant sought mandamus to compel the Department to credit his pre-sentence incarceration time towards his sentence for third-degree murder. For the reasons that follow, we affirm.

On September 28, 1990, Appellant was arrested and incarcerated on multiple criminal charges, including third-degree murder. Appellant was convicted of the murder charge on October 5, 1991. On November 19, 1991, prior to sentencing for his murder conviction, Appellant was sentenced to a term of two and one-half to five years incarceration for unrelated parole violations.[1] Appellant was sentenced on February 2, 1993 to seven to twenty years incarceration for the third-degree murder conviction. The trial court granted Appellant credit for time served from September 28, 1990 until February 2, 1993.

---

1. Appellant contends that the Commonwealth Court erroneously stated that he was sentenced for a parole violation, when, according to Appellant, it was actually for a probation violation. Whether the sentence was for a parole or a probation violation, however, is of no moment in this matter.

The Department, however, only awarded Appellant credit for the time he served from September 28, 1990 to November 19, 1991. Contrary to the trial court's order, the Department did not credit any of Appellant's time in prison from November 20, 1991 to February 2, 1993 towards his murder sentence because that period of incarceration had already been applied to Appellant's sentence for his parole violation. Thus, the Department contended that crediting all of Appellant's pre-sentence incarceration time to his murder sentence would result in an impermissible double credit under Pa.R.Crim.P. 1406(c).[2] Appellant subsequently filed a mandamus petition with the Commonwealth Court.

The Commonwealth Court, hearing the matter in its original jurisdiction, granted the Department's demurrer to Appellant's mandamus petition. The court agreed with the Department that since Appellant's incarceration from November 20, 1991 to February 2, 1993 had already been credited towards his parole violation sentence, that time could not also be credited towards his murder sentence. The court held that the Department could not be compelled to award Appellant double credit. Appellant subsequently filed this direct appeal.

▇▇▇▇ Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy. *Pennsylvania Dental Ass'n v. Commonwealth Ins. Dep't*, 512 Pa. 217, 516 A.2d 647, 652 (1986). A decision to deny mandamus is subject to reversal only for abuse of discretion. *Renziehausen v. Township of Robinson*, 531 Pa. 154, 611 A.2d 706, 709 (1992). A decision that a plaintiff has failed to state a cause of action in

2. At the time in question, Rule 1406(c) provided:

When at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of the expiration of such other sentence or sentences.

Pa.R.Crim.P. 1406(c)(1975). Rule 1406 was amended in 1996.

mandamus, however, is subject to plenary review, inasmuch as the lower court has decided that the complaint, as a matter of law, does not make out a claim for relief. *Id.*

In *Fajohn v. Commonwealth, Dep't of Corrections,* 547 Pa. 649, 692 A.2d 1067 (1997), this Court addressed the same argument that Appellant presents in this appeal. There, Fajohn brought a mandamus action seeking to compel the Department to apply a 190 day pre-sentence credit for time served granted by the sentencing court. The Department, however, refused to apply the credit because the 190 days had already been credited to another sentence that Fajohn was serving at the time he was sentenced. We held that mandamus was not available since the Department could not be compelled to perform an illegal act, *i.e.,* award pre-sentence credit for a period of incarceration that was already applied to another sentence. *Id.* at 1067–68; *see also Doxsey v. Commonwealth, Bureau of Corrections,* 674 A.2d 1173 (Pa.Cmwlth.1996)(mandamus cannot be used to compel Department of Corrections to grant double credit).

■ Here, since Appellant's incarceration from November 19, 1991 to February 2, 1993 had already been applied to his parole violation sentence, it could not have also been legally applied to his murder sentence. *See Doxsey,* 674 A.2d at 1175. Therefore, because Appellant was not entitled to double credit, we agree with the Commonwealth Court that as a matter of law mandamus cannot compel the Department to award Appellant credit for time served when that time has already been credited towards his parole violation sentence.

■ Appellant also contends that his constitutional right to a speedy trial and his constitutional right to appeal were violated by the fact that his sentence for murder was entered nearly two years after conviction. However, these issues are not properly before the Court. Any argument related to an allegedly improper delay in sentencing should first be raised to the trial court that imposed the judgment of sentence, not to this Court or to the Commonwealth Court in a mandamus

petition.[3] Thus, we will not address the merits of these issues. *See* Pa.R.A.P. 302(a)(issues not properly raised in the lower courts will not be addressed on appeal).

■ Appellant's final argument is that he was entitled to a parole hearing on September 28, 1997—the date that Appellant claims his seven-year minimum sentence expired. Appellant's argument is based upon the erroneous assumption that all of his incarceration from September 28, 1990 to February 2, 1993 should have been applied to his murder sentence. However, since the Department's calculation for time served properly excluded the November 20, 1991 to February 2, 1993 period of incarceration, Appellant's minimum sentence was not reached on September 28, 1997. As even Appellant recognizes in his brief, he was not entitled to a parole hearing prior to the expiration of his minimum sentence. *See generally Rogers v. Board of Probation and Parole,* 555 Pa. 285, 724 A.2d 319 (1999)(prisoner may not be paroled prior to expiration of minimum sentence).[4]

The order of the Commonwealth Court is affirmed.

Justice ZAPPALA concurs in the result.

Justice SAYLOR files a dissenting opinion in which Justice CASTILLE joins.

SAYLOR, Justice, dissenting opinion.

Issues connected with the conferral of credit for time served have presented reviewing courts with numerous and frequently difficult questions, *see generally Booker v. New Jersey State Parole Bd.,* 136 N.J. 257, 642 A.2d 984, 989 (1994), with the variations and permutations in factual scenarios being almost limitless. In this case, Appellant contends that the sentencing

3. The Commonwealth Court did not address these issues, which were not within its original jurisdiction. *See* 42 Pa.C.S. § 761.

4. Appellant also claims that his equal protection rights were violated because he received "different treatment from that received by other[s] similarly situated." Appellant, however, completely fails to expound upon this bald allegation. Thus, his equal protection argument is waived. *See* Pa.R.A.P. 2119.

court deemed it appropriate for him to serve his sentence for the offense of third-degree murder concurrently with the sentence previously imposed following his violation of conditions of probation related to prior offenses (the "probation-violation sentence"). According to Appellant, because sentencing for the murder was delayed nearly fifteen months after imposition of the probation-violation sentence, to achieve full concurrency the court provided for concurrent sentencing going forward and granted him credit for time served during the fifteen-month delay. Because I do not believe that the General Assembly intended to foreclose a sentencing court's application of credit in such a manner, I respectfully dissent.

The majority relies upon this Court's decision in *Fajohn v. Commonwealth, Dep't of Corrections*, 547 Pa. 649, 692 A.2d 1067 (1997), as dispositive of the time credit question. There, this Court interpreted former Rule of Criminal Procedure 1406(c) as indicating that "a sentencing judge cannot direct that a sentence commence on a date prior to the date of sentencing when the defendant is serving time on an unrelated charge," and therefore, "credit for the period of imprisonment for a second or subsequent conviction [is precluded where] the individual is already in prison under a sentence imposed for other offenses...." *Id.* at 651, 692 A.2d at 1068 (quoting *Doxsey v. Commonwealth*, 674 A.2d 1173, 1175 (Pa.Cmwlth. 1996)). But then-Rule 1406(c), by its terms, simply did not proscribe time credit. Rather, the thrust of its terms was merely that, by default, a new sentence of confinement should run concurrently with other sentences being served unless the sentencing court provides otherwise. *See* Pa.R.Crim.P. 1406(c)(supersede.)(prescribing that "[w]hen at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences").[1] There is no indication

---

1. Rule 1406 has been renumbered Rule 705. In 1996, paragraph (a) was amended and paragraph (c) was deleted to eliminate language

in the history of this rule that anything else was intended by the Criminal Procedural Rules Committee in recommending the rule or by this Court in promulgating it. Indeed, the *Fajohn/Doxsey* interpretation results only when two distinct concepts are confused—the date on which a sentence of incarceration "commences" (which is addressed by the plain terms of the rule), and application of time credit to a sentence imposed (which is not).[2]

The *Fajohn/Doxsey* interpretation not only fails to comport with the language of former Rule 1406(c), but also results in the effectuation, via judicially crafted procedural rule, of a substantial, substantive change in the availability of credit for time served. Such substantive impact is inimical to the limited purpose and scope of procedural rules and an invasion of the province of the General Assembly, particularly as no conforming intent on the Legislature's part appears evident upon review of the pertinent statutory framework. *See, e.g.,* 42 Pa.C.S. § 9721(a) (allowing sentencing courts to impose concurrent sentences); 42 Pa.C.S. § 9760 (pertaining to credit for time served). *Cf. Commonwealth ex rel. McGinnis v. Ashe,* 330 Pa. 289, 291, 199 A. 185, 186 (1938).

creating a presumption that certain sentences run concurrently unless the judge states otherwise (paragraph (b) was also deleted as unnecessary). Pa.R.Crim.P. 705, cmt. Rule 705 now provides, in full: "Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively." In the official comment, the Committee stated that "[t]he computation of sentences and credit for time served are governed by the Sentencing Code. *See* 42 Pa.C.S. §§ 9760 and 9761." Pa.R.Crim.P. 705, cmt.

2. Notably, section (b) of the rule did address time credit. That section stated:

A sentence of imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of the court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.

Pa.R.Crim.P. 1406(b)(superseded). Thus, section (b) mandated that time credit be awarded "as provided by law," and section (c), as noted, did not, on its face, pertain to time credit at all.

Even if this were not the case, I question whether the fashioning by appellate courts of overarching rules in the time credit context is likely to effectuate the interests of justice.[3] In this regard, it is noteworthy that *Fajohn*, and *Doxsey* before it, are devoid of reasoning as to why the sentencing court's authority should be circumscribed in the manner there stated, other than the bare assertion that former Rule 1406(c) so provided.

In view of the above, I would disavow the *Fajohn/Doxsey* interpretation of former Rule 1406(c) and focus, instead, upon the pertinent legislative scheme to determine substantive matters involving time credit. The most relevant enactment is Section 9760(1) of the Sentencing Code, 42 Pa.C.S. § 9760(1), which provides, in relevant part:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed *or as a result of the conduct on which such a charge is based.* Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1)(emphasis added). From November 19, 1991, to February 2, 1993—the time period at issue in this case—Appellant was in custody serving his probation-violation sentence.[1] A review of the record from the underlying case

---

**3.** In New Jersey, the legislature has affirmatively mandated a credit in similar circumstances, known as "gap time" credit. *See generally Booker*, 642 A.2d at 985–86. As explained by the New Jersey Supreme Court, the general purpose of the provision is "to avoid the manipulation of trial dates to the disadvantage of defendants and to put defendants in the same position as they would have been 'had the two offenses been tried at the same time.'" *Id.* at 985 (citing MODEL PENAL CODE § 7.06 commentary at 278 (1962)); *see also State v. Guaman*, 271 N.J.Super. 130, 638 A.2d 162, 164–65 (1994)(reasoning that "[t]he interests of justice strongly militate in favor" of gap time credit in certain circumstances where, by virtue of delay in trial on one of two offenses which were both committed before sentencing on either, the judge imposing the second sentence would otherwise be "denied the opportunity to impose a truly concurrent sentence").

**4.** The majority states that Appellant was in custody due to "unrelated parole violations." In fact, the record from the underlying case strong-

reveals that the basis for the probation revocation and corresponding sentence of incarceration pertaining to Appellant's former offenses was the murder conviction. This raises the question whether Appellant was in custody during that period "as a result of the conduct on which [the murder] charge was based," for purposes of Section 9760(1). If answered affirmatively, then to the extent Section 9760(1) applies to the present situation it requires that Appellant be given credit toward his murder sentence for the disputed time period of November 19, 1991, to February 2, 1993. This is so because Appellant was in custody on the probation-violation sentence as a result of the conduct underlying the murder charge.[5]

ly suggests that Appellant had been on probation, not parole, and that the violation in question was not unrelated, but consisted of his murder conviction. The majority also states that the difference between parole and probation is "of no moment" for purposes of the present case. When a prisoner is released on parole and then later incarcerated as a convicted parole violator, the remainder of his *original* sentence is reimposed. Perhaps for this reason, the Legislature has determined that a convicted parole violator must serve the balance of his original term before the new term of imprisonment commences. *See* 61 P.S. § 331.21a(a). On the other hand, when a probationer commits an offense for which probation is revoked, a new sentence is imposed in place of the original sentence of probation. Under such circumstances, the sentencing court would appear to retain discretion to direct that the sentence for the new charge run concurrently with the probation-violation sentence. Accordingly, the majority's statement notwithstanding, that Appellant was sentenced following a violation of conditions of probation rather than parole is arguably relevant to the proper disposition of the instant proceedings.

5.  Other jurisdictions with similar statutes—i.e., statutes that allow for credit for pre-sentence incarceration resulting from the same charge for which the sentence was imposed, or a different charge based upon the same underlying conduct—have endorsed different standards of causation in situations similar to the present one. In *Schubert v. People*, 698 P.2d 788 (Colo.1985), for example, the Colorado Supreme Court determined that a defendant is in custody "as a result of" the relevant conduct if there is a "substantial nexus" between such conduct and the pre-sentence restraint. *See id.* at 795. Under this test, where multiple concurrent sentences are ultimately imposed the defendant is entitled to credit against all such sentences so long as he would have been held in pre-sentence custody for the conduct underlying each one. The Supreme Court of California, by contrast, has settled on a more stringent "strict causation" test. *See People v. Bruner*, 9 Cal.4th 1178, 40 Cal.Rptr.2d 534, 892 P.2d 1277 (1995). Under that standard, a defendant is entitled to credit for a pre-sentence period of imprisonment only if the conduct underlying the formal term of incarceration was a "but

Even if it were to be ultimately determined that the General Assembly did not intend Section 9760(1) to *require* time credit in situations such as the present one, as noted, I do not believe that Rule 1406(c) was designed to divest the sentencing court of the ability to fashion truly concurrent sentences concerning two offenses committed prior to final sentencing on either. Indeed, if sentencing on such offenses could occur simultaneously, ordinarily the sentencing court in its discretion would be able to effectuate concurrent sentencing. Barring any legislative prohibition of the same, it appears anomalous for the judiciary to craft a procedural rule precluding the sentencing court from effectuating such a result by the application of credit for time served in instances in which sentencing on one offense is delayed for reasons unrelated to the defendant's conduct.[6] *Cf. Guaman*, 638 A.2d at 164–65.

Presently, Appellant alleged in his petition that the sentencing court awarded him credit toward his murder sentence for the disputed period of pre-sentence incarceration. Because such award, if made, was within the court's discretion absent a specific legislative provision to the contrary, the Department's demurrer should not have been sustained. Accordingly, I would overrule *Fajohn*, reverse the order of the Commonwealth Court, and remand for a determination of the merits of Appellant's request for enforcement of time credit conferred.

Justice CASTILLE joins this dissenting opinion.

---

for" cause of the earlier restraint. *See id.* at 1286–87. Presently, it need not be decided whether to adopt Colorado's lenient substantial-nexus test, California's strict-causation rule, or some intermediate standard, as it is clear that, even under the strict "but for" test adopted by California, Appellant's confinement during the disputed time interval occurred "as a result of" the conduct upon which his subsequently imposed third-degree murder sentence was based.

6. In view of the above-noted modification to Rule 1406, now Rule 705, the majority would presumably agree that the availability of time credit in situations such as the present one has been restored for defendants sentenced after the effective date of that change.