J-S60021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :             PENNSYLVANIA
                                          :

                v.                              :
                                          :
                                          :

ANDREW HECTOR MORALES       :
                                          :

            Appellant           :       No. 452 MDA 2018

Appeal from the Judgment of Sentence March 5, 2018
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000174-2017

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED DECEMBER 19, 2018**

Appellant Andrew Hector Morales appeals from the judgment of sentence following a jury trial and convictions for multiple counts of robbery,[1] simple assault,[2] retail theft,[3] and receiving stolen property.[4]  Appellant challenges the trial court's denial of his pretrial motion to proceed *pro se* and the sufficiency of evidence.  We affirm the judgment of sentence, deny Appellant's *pro se* motion to proceed *pro se*, and deny Appellant's *pro se* combined motion for new counsel and post-sentence relief.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 3929(a)(1).

[4] 18 Pa.C.S. § 3925(a).

Because we write for the parties, we adopt the facts and procedural history set forth in the trial court's opinion. **See generally** Trial Ct. Op. at 1-2. In pertinent part, on December 11, 2017, Appellant's trial counsel filed a motion to withdraw with the trial court. Mot. to Withdraw and Appoint Counsel, 12/11/17. Trial counsel's motion noted that Appellant had filed a letter with the court raising claims of trial counsel's ineffective assistance. **Id.** The motion also claimed that Appellant "stated to [d]efense counsel his desire . . . in the alternative to proceed at trial pro se." **Id.**

Consistent with Pa.R.Crim.P. 121, the trial court held a **Grazier**[5] hearing and conducted its colloquy of Appellant in order to determine if Appellant knowingly, voluntarily, and intelligently waived his right to counsel. **See** Pa.R.Crim.P. 121. After the trial court informed Appellant of the charges and possible sentences, the following exchange occurred:

The court: . . . do you understand that?

[Appellant]: I want to go to trial. I got four photos right here –

The court: [Appellant], hold on. I want to make sure—I am trying to make sure if you want to go trial representing yourself that you are making a knowing, intelligent, and voluntary decision to do this, okay that's why I'm asking you these questions. So do you understand the maximum punishments you face on each of the charges?

[Appellant]: I understand I have a right to speak for myself. I do understand that right and—

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

The court: [Appellant], you said—

[Appellant]: I've been here in excess of eight months. I've been refused a bail reduction by you five times with no legal reason as to why. I've been refused five different times—six, seven, eight, nine. I've been in my community over 20 years in Pennsylvania so I'm clearly not going nowhere. I got all my—most of my child support paid up. I like paid the probation. I paid them all the money to get off probation. I've been doing good in here. I haven't got one write-up in over eight months in here. I've been going to the law library. I've been wrongly accused here. It's no evidence to hold me. Like, it's crazy but all in the end everybody's going to get a lawsuit coming to them for all this stuff that's going on.

The court: [Appellant], I will try one more time to get [sic] explain to you. If you wish to represent yourself—

[Appellant]: Yes, I do. I'm writing to the Supreme Court and everybody. Like, everybody's going to find out what's going on in your courtroom there.

The court: That's fine. That's not what we're here to talk about. We are here to talk about whether your decision is knowing, intelligent, and voluntary. First question I have now is within the last 24 hours have you had any alcohol or drugs including prescription meds?

\* \* \*

The court: [Appellant,] the fact that you may be taking a prescription drug that may have a bearing on whether you are aware of what we are doing today, the legal issues involved, and your ability to make a knowing, intelligent, and voluntary decision.

[Appellant]: Zoloft and I took Remeron last night. Zoloft this morning and Remeron last night.

The court: What is the Remeron for? I'm not familiar with that medication?

[Appellant]: I'm not sure either. You can look it up. I know how the court system works. I know how the games go. I know all about this court stuff.

The court: Do you mind if I ask you some questions about that?

[Appellant]: This hasn't got nothing to do with trial or the case. I'm not going to answer the question. I plead the Fifth on the question. I've been denied bail by you five times. I've been good. I've been, like, loyal. I've been doing everything I could. You got no evidence on this case. I'm going to trial and then lawsuits are coming to all of you's, that's basically it. I'll sit here. I'll keep on doing this little bit of time, okay. I've been nice too long for nothing, for nothing, to get bamboozled into this. Clearly you got no evidence on me. Clearly it's a lawsuit on a whole bunch of you's.

The court: [Appellant], do you understand the nature of the charges . . . that you are charged with? Are you aware of the nature of the elements of each of those charges?

[Appellant]: I understand that for false imprisonment it's going to be a lawsuit on you's for false imprisonment knowing that you don't got a real case. It's going to be a big lawsuit.

N.T. Hr'g, 3/5/18, at 5-8 (some all-capitalization omitted). The trial court then continued its colloquy, but Appellant responded with similar non-responsive and accusatory answers.

The hearing ended as follows:

The court: . . . So all I want to know is do you understand you're going to be held to the same level of knowledge of the law[,] the rules of evidence and court procedure as a lawyer like [the district attorney,] do you understand that?

[Appellant]: I understand that I'm going to do my part to make the jury understand that this is a big charade you're pulling on me. You're taking me away from my family, you're taking me away from my kids, you got no case. You got no—like, these photos I don't know what ya'll do in here, like, what's going on. Your Honor, I went to you five times and you refused my bail five different times. Like, it's crazy.

- 4 -

The court: [Appellant], do you understand that your [appointed trial counsel], is more familiar than you with law, the courtroom, the rules of evidence.

[Appellant]: I can't tell, Your Honor. I put more paperwork in than both of my ex-lawyers.[6]

The court: Okay.

[Appellant]: Look at all the bail reductions denied for no legal reason.

*Id.* at 8-10 (some all-capitalization omitted).

The court then orally issued the below order, during which Appellant

interjected as follows:

[Appellant]: The Supreme court is going to find out about this.

The court: We will enter the following order: And now, December 13, 2017, after hearing on counsel's motion to withdraw as counsel and the letter of [Appellant] to the clerk of courts in which he stated that he no longer wished to be represented by [Appellant's counsel]—

[Appellant]: Look at this, I sent this to the court, look how it came to me crinkled. Somebody crinkled it up and put it in the court. It's stamped crinkled up from your courtroom.[7]

The court: --The court finds based on [Appellant's] answers to the questions that [Appellant's] request to represent himself is not knowing, intelligent, or voluntary. Therefore—

[Appellant]: Oh, yes it is.

The court: --The court denies [Appellant's] request to proceed pro se. . . .

_____

[6] Prior counsel had withdrawn.

[7] It is unclear what Appellant is referring to.

*Id.* at 10-11 (some all-capitalization omitted).

Subsequently, on December 15, 2017, Appellant's counsel filed a motion in *limine* requesting, among other items, to preclude the Commonwealth from presenting any documentation or witnesses not previously provided or identified during discovery. Appellant's Mot. in *Limine*, 12/15/17; **see generally** Pa.R.Crim.P. 573. The court granted the order the same day. Order, 12/15/17.

Appellant's jury trial also began on December 15, 2017. At trial, three eyewitnesses/victims testified that they recognized Appellant while he was in or immediately outside the store. **See, e.g.**, N.T. Trial, 12/15/17, at 28, 59, 74. They also made unequivocal in-court identifications of Appellant. **See, e.g.**, *id.* at 27, 55, 74. Because they saw Appellant's license plate, they relayed that information to the police officer who arrived ten to fifteen minutes later. *Id.* at 82. The officer, based on that information, retrieved Appellant's driver's license photo, which all three witnesses agreed was Appellant. *Id.* at 98. At no point during trial did Appellant's counsel object or otherwise bring to the trial court's attention any purported discovery violation by the Commonwealth. The jury found Appellant guilty of the above crimes.

On March 5, 2018, the court sentenced Appellant to an aggregate sentence of forty-two months to thirteen years' incarceration. At the sentencing hearing, Appellant's counsel made a one-sentence oral motion for acquittal, which the court denied. N.T. Trial, 12/15/17, at 162 ("Your Honor,

we would make a motion for acquittal notwithstanding the verdict."). Appellant's counsel did not file a post-sentence motion, but timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Before Appellant's counsel filed an appellate brief with this Court, Appellant sent a two-page handwritten appellate brief to this Court, which we forwarded to Appellant's counsel. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (holding, "the proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion").[8] Appellant's counsel filed his appellate brief in August of 2018.

On October 10, 2018, this Court docketed Appellant's *pro se* petition to proceed *pro se*. On October 16, 2018, this Court docketed Appellant's *pro se* combined motions for new counsel and post-sentence motion. We deny Appellant's petition and motion. *See id.* (holding, "once the brief has been filed, any right to insist upon self-representation has expired" (citation omitted)).

Appellant raises the following issues:

1. Whether the trial court erred in denying [Appellant's] pretrial motion to withdraw and Appellant's request to proceed pro se?

---

[8] The *Jette* Court approvingly quoted *Commonwealth v. Reid*, 642 A.2d 453, 462 (Pa. 1994), as follows: defendants "in criminal cases possess no constitutional right to hybrid representation, and thus, any *pro se* briefs that they may file while represented by counsel will not be considered." *Jette*, 23 A.3d at 1036.

2. Whether the trial court erred in admitting impermissibly suggestive witness identification of Appellant and denying [his] motion to acquit on this basis?

Appellant's Brief at 6 (reordered to facilitate disposition).

In support of his first issue, Appellant contends that at the hearing on counsel's motion to withdraw, Appellant testified that counsel was ineffective and there was a conflict. *Id.* at 11-12. He adds that at the hearing, he testified he would like to proceed *pro se* and "was making a knowing, voluntary, and intelligent decision." *Id.* at 12. Appellant acknowledges he did not respond to the complete colloquy, but insists he "was clear in his testimony he wanted to proceed pro se." *Id.*

In considering whether a defendant's request to proceed *pro se* is valid, the standard of review is *de novo*. *Cf. Commonwealth v. Davido*, 868 A.2d 431, 439 (Pa. 2005) (reviewing the totality of the circumstances *de novo* to determine whether a defendant's request to proceed *pro se* was unequivocal).[9] We set forth the following as guidance:

Before a defendant is permitted to proceed *pro se*, however, the defendant must first demonstrate that he knowingly, voluntarily and intelligently waives his constitutional right to the assistance of counsel. If the trial court finds after a probing colloquy that the defendant's putative waiver was not knowingly, voluntarily or intelligently given, it may deny the defendant's right to proceed *pro se*. The "probing colloquy" standard requires Pennsylvania trial courts to make a searching and formal inquiry into the

---

[9] In determining whether a defendant's request to proceed *pro se* is timely, the standard of review is abuse of discretion. *Davido*, 868 A.2d at 438.

- 8 -

questions of (1) whether the defendant is aware of his right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not. Specifically, the court must inquire whether or not: (1) the defendant understands that he has the right to be represented by counsel, and the right to have free counsel appointed if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Commonwealth v. Starr*, 664 A.2d 1326, 1335 (Pa. 1995) (citations omitted); *see also Indiana v. Edwards*, 554 U.S. 164, 175-76 (2008) (explaining that a defendant competent to stand trial may not necessarily be competent to waive the right to counsel).

Turning to this case, the instant trial court conducted a probing colloquy into whether Appellant could knowingly, voluntarily, and intelligently waive his right to counsel and proceed *pro se*. **See generally** N.T. Hr'g, 3/5/18, at 5-11. Appellant's responses, however, reflected an apparent inability to understand or an unwillingness to respond to the court's questions. **See Starr**, 664 A.2d at 1335. For example, Appellant did not answer the court's inquiry into whether he understood the charges against him, N.T. Hr'g, 3/5/18, at 8, and would be held to the same level of legal knowledge as a

lawyer. *Id.* at 9-10. We acknowledge, however, that Appellant answered, "Oh, yes it is" in response to the court's finding that Appellant was not answering the court's questions knowingly, intelligently, or voluntarily. *Id.* at 11. But having reviewed the totality of the circumstances, we agree with the trial court that Appellant's *non sequiturs* and non-responsive answers did not evidence an awareness of the consequences of waiving his right to counsel. *See Starr*, 664 A.2d at 1335.

Appellant next argues the court abused its discretion by admitting impermissibly suggestive eyewitness identification. Appellant's Brief at 13. Appellant opines that the police here erred by showing Appellant's driver's license photo to the eyewitnesses/victims and the Commonwealth erred by introducing such evidence in violation of the trial court's order. *Id.* at 14-16. Appellant also identifies what he perceives to be conflicting testimony undermining the reliability of the identification. *Id.*[10] Appellant concludes by asserting that trial counsel preserved this issue because the Commonwealth violated the trial court's December 15, 2017 order barring the Commonwealth from introducing any evidence or witness not previously disclosed during

_____

[10] Appellant does not explicitly frame his argument as a challenge to the sufficiency or weight of the evidence. *See generally Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (stating, "Out-of-court identifications are relevant to our review of sufficiency of the evidence claims [and g]iven additional evidentiary circumstances, 'any indefiniteness and uncertainty in the identification testimony goes to its weight.'" (citations omitted)).

discovery. *Id.* at 16. Appellant adds that trial counsel also preserved this issue with his one-sentence oral motion for acquittal after the jury's verdict. Appellant's Brief at 16; N.T. Trial, 12/15/17, at 162 ("Your Honor, we would make a motion for acquittal notwithstanding the verdict.").

Before addressing the substantive merits of Appellant's argument, we must resolve whether he properly preserved the issue for appellate review. *See generally* Pa.R.A.P. 302; *Commonwealth v. Freeman*, 827 A.2d 385, 396 (Pa. 2003) (noting, "Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors." (citation omitted)). Here, at no point during trial did Appellant alert the trial court of any purported discovery violation. Thus, although Appellant obtained a successful ruling in his favor on his motion in *limine*, he failed to alert the trial court or otherwise object when the Commonwealth purportedly violated the order. Thus, Appellant has waived the issue for review. *See* Pa.R.A.P. 302; *Freeman*, 827 A.2d at 396.[11]

But even if Appellant had complied with Rule 302, he has waived it on appeal by failing to develop his argument properly on appeal. *See* Pa.R.A.P. 2119 (stating argument must include discussion and citation of pertinent

---

[11] We acknowledge that the Commonwealth argues that Appellant withdrew his motion to suppress and therefore waived the issue. Commonwealth's Brief at 2. Respectfully, contrary to the Commonwealth's representation, the record reflects that Appellant did not file a motion to suppress. Appellant, however, is attempting to shoehorn an evidentiary issue into a discovery violation.

authorities); **Commonwealth v. Plante**, 914 A.2d 916, 924 (Pa. Super. 2006) ("We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review." (citation omitted)); **see Jackson v. Vaughn**, 777 A.2d 436, 439 n.4 (Pa. 2001) (waiving, pursuant to Pa.R.A.P. 2119, argument limited to bald allegation); **see generally Diamond v. Chulay**, 811 F. Supp. 1321, 1335 (N.D. Ill. 1993). Here, Appellant simply has not identified which witnesses and documents were purportedly not identified during discovery. It is not the responsibility of this Court to act as counsel and develop arguments on Appellant's behalf. **See Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010). Accordingly, we find Appellant has also waived his issue for failure to develop a detailed argument. **See generally** Pa.R.A.P. 2119; **Jackson**, 777 A.2d at 439 n.4.[12] For these reasons, we affirm the judgment of sentence.

Appellant's *pro se* petition and motion denied. Judgment of sentence affirmed.

---

[12] Even assuming that Appellant had preserved his issue for appellate review, we would conclude he was not entitled to relief. Under the totality of the circumstances, the eyewitnesses/victims identified Appellant from the driver's license photo the police retrieved just ten to fifteen minutes after the incident. **See generally Commonwealth v. Milburn**, 191 A.3d 891, 899-900 (Pa. Super. 2018). After careful review of the record, we do not perceive any impermissible suggestiveness in this process. **See id.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/2018</u>