IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Curtis Palmore, | : | |
|      Petitioner | : | |
| | : | |
|   v. | : | No. 432 M.D. 2023 |
| | : | |
| Pennsylvania Department | : | |
| of Corrections, | : | |
|      Respondent | : | Submitted: November 7, 2024 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                     FILED:  December 17, 2024

Before this Court is the Respondent Commonwealth of Pennsylvania, Department of Corrections' (DOC) preliminary objection to the "Original Action Mandamus [P]etition for [R]eview [C]hallenging Department of Corrections['] [C]omputation of [S]tate [P]rison [S]entence" (Petition for Review) filed by Curtis Palmore, *pro se* (Petitioner). Through the Petition for Review, filed in this Court's original jurisdiction, Petitioner argues that DOC's calculation of his prison sentence is inaccurate and asks that this Court direct DOC to correct the purported error. In addition, Petitioner has filed an Application for Summary Relief, arguing that his right to relief is clear and that he is entitled to judgment in his favor. After review, we sustain DOC's preliminary objection, dismiss the Petition for Review with prejudice, and dismiss the Application for Summary Relief as moot.

## I. Background

Petitioner was identified by a witness as the perpetrator of a shooting that occurred at a July 7, 2012 social event. *See Commonwealth v. Palmore* (Pa. Super., No. 517 E.D.A. 2015, filed July 20, 2017), *appeal denied*, 178 A.3d 733 (Pa. 2018), (*Palmore I*) slip op. at 1-2.[1] In a case docketed at No. CP-51-CR-0012494-2012, Petitioner was ultimately charged in the Court of Common Pleas of Philadelphia (Trial Court) with the possession of a firearm while prohibited, the carrying of a firearm without a license, and the carrying of a firearm in public in Philadelphia.[2] The Trial Court's docket sheet indicates that bail was initially set at $500,000.00, but that Petitioner was released on recognizance pending disposition of the charges on October 25, 2012. Notwithstanding his release on the new charges, Petitioner remained in custody on a state parole detainer due to prior sentences. *See* Petition for Review at 3 (unpaginated). Following a jury trial, Petitioner was convicted of the three charges on October 28, 2014, and sentenced to an aggregate period of 7 1/2 years to 15 years of imprisonment. The Trial Court's January 20, 2015 sentencing order stated that Petitioner was to receive "credit for time served" as calculated by the prison system. *See* Respondent's Br., Ex. A (Sentencing Order).[3]

---

[1] Due to discrepancies in the Petition for Review's factual averments, we take judicial notice of the details on record from Petitioner's criminal proceedings, as permitted by Pa.R.E. 201(b)(2) (authorizing the judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[2] *See* 18 Pa.C.S. §§ 6105, 6106, and 6108.

[3] Petitioner alludes to several documents from his sentencing and subsequent parole proceedings that are not attached to the Petition for Review. Accordingly, we deem those documents incorporated by reference into the Petition, and consider the relevant exhibits attached to DOC's Preliminary Objection. *See St. Peter's Roman Cath. Parish v. Urban Redevelopment Auth. of Pittsburgh*, 146 A.2d 724, 725 (Pa. 1958) (explaining that a court may consider documents **(Footnote continued on next page…)**

2

Pursuant to the Trial Court's order, DOC granted Petitioner credit toward his new sentence for two lengths of time that he spent in custody. *See* Respondent's Br., Ex. B at 2. The first ran from immediately after he was formally charged until October 24, 2012, at which time he was released on recognizance; the second followed his October 28, 2014 conviction and ran until his April 12, 2015 return to state prison. *Id.* Meanwhile, due to the 2 years and 4 days spent in custody solely on the parole detainer, the Board allocated 734 days of backtime credit to Petitioner's prior prison sentence, on which approximately 13 years of backtime remained. *See* Respondent's Br., Ex. C, Order to Recommit. The assignment of the credit left Petitioner with 10 years, 11 months of backtime and a new maximum date of March 15, 2026. *Id*. The Pennsylvania Parole Board (Board) ordered Petitioner to serve at least 24 months of that backtime in state custody and reparoled Petitioner on November 17, 2017. *See* Petitioner's Br., Ex. F. At the time that he initiated the instant action, Petitioner was in custody at State Correctional Institution-Mahanoy on the sentence imposed for his 2014 criminal convictions.

Following an unsuccessful direct appeal,[4] Petitioner filed a petition pursuant to the Post-Conviction Relief Act (PCRA)[5] asserting various objections to his 2014 conviction. *See Commonwealth v. Palmore* (Pa. Super., No. 1384 EDA 2022, filed August 14, 2023), *appeal denied*, 321 A.3d 865 (Pa. 2024), (*Palmore II*) slip op. at 1. After the Trial Court dismissed all of Petitioner's PCRA challenges without a hearing, Petitioner appealed to the Superior Court. *Id*., slip op. at 3. In relevant part,

---

attached to preliminary objections if those documents are referred to, but not included, in the initial pleading).

[4] *See Palmore I.*

[5] 42 Pa.C.S. §§ 9541-46.

Petitioner maintained that DOC failed to grant him credit for time served pursuant to the Trial Court's sentencing order. *Id.*, slip op. at 6-7. Our sister court declined to weigh the merits of that claim, noting that, as a challenge to the calculation of his sentence, that portion of his appeal belonged "in the Commonwealth Court."[6] *Id.*, slip op. at 7 n.5.

Petitioner initiated the instant mandamus action by filing the Petition for Review in our Court on October 3, 2023. Therein, Petitioner maintained that DOC's calculation of his newest sentence was erroneous, as it failed to heed the Trial Court's direction to give credit for time served. Petition for Review at 2 (unpaginated). "[U]ntil the outcome of his new charges," Petitioner explains, "he was being held on a [Board] detainer in custody," and "never made bail." *Id.* at 3 (unpaginated). Petitioner argues that the Trial Court's sentencing order should be understood as an instruction to award credit for time served to the new sentence, not his prior sentence. *Id.* Accordingly, Petitioner requests that this Court compel DOC to recalculate his sentence in a manner conforming to the Trial Court's sentencing order. *Id.* In response, DOC filed its preliminary objection on December 13, 2023.

## II. Discussion

As a preliminary matter, we note that mandamus is "an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other appropriate and adequate remedy." *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001). A writ of mandamus can be used to compel DOC to reach a proper computation of a prisoner's sentence. *Doxsey v.*

---

[6] The Superior Court also affirmed the Trial Court's dismissal of all other claims made by Petitioner in his PCRA petition. *Palmore II*, slip op. at 17.

4

*Commonwealth*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996). If it is possible that the pleading can be cured by amendment, a court must give the pleader an opportunity to file an amended complaint. *Jones v. City of Phila.*, 893 A.2d 837, 846 (Pa. Cmwlth. 2006). "Where there is no possibility of recovery under a better statement of the facts," however, "leave to amend need not be granted." *Id.*

In its sole preliminary objection, in the nature of a demurrer, DOC asserts that Petitioner "fails to demonstrate a clear right to relief that would necessitate the issuance of a writ of mandamus," given that he "is not entitled to the application of time credit in the manner he seeks." Preliminary Objection ¶¶ 17-18. DOC maintains in its Brief to this Court that it "correctly calculated [Petitioner's] new sentence as running consecutively to his state parole violation sentence," and that the credit for his pretrial detention was properly "allocated to [Petitioner's] backtime for his prior state sentence." DOC's Br. at 11. As state law "does not contemplate credit for time served to be awarded twice," DOC asserts that the relief requested by Petitioner would be improper. *Id.* at 10-11 (citing *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006)).

It is well settled that, when a defendant has been in custody "solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito v. Pa. Bd. of Prob. and Parole*, 413 A.2d 568, 571 (Pa. 1980). If, however, the defendant is in custody because of his failure to satisfy bail requirements on the new charges, then the time thus spent in custody "shall be credited to his new sentence." *Id.* This Court has observed that credit for time served prior to sentencing is governed by Section 9760 of the Judicial Code, "which does not provide for credit for time served on unrelated offenses or *when*

5

*credit has been already credited against another sentence*." *Taglienti v. Dep't of Corr.*, 806 A.2d 988, 993 (Pa. Cmwlth. 2002) (citing 42 Pa.C.S. § 9760) (emphasis added).

Instantly, it is undisputed that Petitioner has been in custody continuously since being charged with the offenses of which he was ultimately convicted in 2014. In its calculation of his *new* sentence, DOC assigned Petitioner credit for the pretrial detention that ended with his release on recognizance on October 24, 2012, and further credit for the time in custody between his October 28, 2014 conviction and his return to state prison. *See* DOC's Br., Ex. B. For the intervening period, during which Petitioner was released on the new charges but remained confined on his state parole detainer, the Board awarded 734 days backtime credit toward his *original* sentence.[7] *See* DOC's Br., Ex. C. Petitioner alleges that he "never posted bail" on the new charges, and never even "had the opportunity to post bail or satisfy the bail conditions." Petitioner's Br. at 1. Petitioner argues that he is thereby entitled to 864 days of credit toward his new sentence, for the full period from his arrest to his sentencing. *Id.* at 2.

Petitioner's argument is unavailing. While it is technically true that Petitioner did not post bail while awaiting charges in 2012, this is only because there was no bail to post. By amending Petitioner's bail type from a secured monetary amount to release on recognizance, the Trial Court released him from pretrial custody pursuant to Pennsylvania Rule of Criminal Procedure 524(c)(1), which provides for release "conditioned only upon the defendant's written agreement to appear when required and to comply with the conditions of the bail bond[.]" Pa.R.Crim.P. 524 (c)(1). Thus, the time that Petitioner spent in custody between October 24, 2012, until

---

[7] For unclear reasons, the Board's calculation of backtime credit includes one day in September 2012 immediately following Petitioner's arrest.

October 28, 2014, was entirely attributable to his parole detainer and could only be properly credited toward his prior sentence.

As this Court has explained in *Barndt* and *Taglienti*, credit for time served cannot be awarded to both a prior sentence and a new sentence. Thus, we agree with DOC that Petitioner has failed to establish a clear right to mandamus relief. Although Petitioner does not seek leave to amend, we will note that no amendment to the Petition for Review appears capable of curing the defect of Petitioner's claim. *See Shore v. Dep't of Corr.*, 168 A.3d 374, 386-87 (Pa. Cmwlth. 2017) (declining to grant leave to amend where amendment would be "a futile exercise" and where "it is not reasonably probable" that the petitioner could cure the petitioner's legal deficiencies). Accordingly, we conclude that dismissal with prejudice is warranted.

### III. Conclusion

For the foregoing reasons, we sustain DOC's preliminary objection, dismiss the Petition for Review with prejudice, and dismiss as moot the Application for Summary Relief.

ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Curtis Palmore, : 
    Petitioner : 
     : 
  v. : No. 432 M.D. 2023
     : 
Pennsylvania Department : 
of Corrections, : 
    Respondent : 

## **O R D E R**

AND NOW, this 17th day of December, 2024, Respondent Pennsylvania Department of Corrections' preliminary objection in the nature of a demurrer to Petitioner Curtis Palmore's (Petitioner) "Original Action Mandamus [P]etition for [R]eview [C]hallenging Department of Corrections['] [C]omputation of [S]tate [P]rison [S]entence" (Petition for Review) is hereby SUSTAINED. Petitioner's Petition for Review is DISMISSED WITH PREJUDICE, and his Application for Summary Relief is DISMISSED AS MOOT.

             _____
             ELLEN CEISLER, Judge